**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6838**

_____

JEREMY COLTON LIGHT,

             Plaintiff - Appellant,

     v.

C. O. MILINI; ANGELO J. VIANI; KATHERINE N. HESS; CAPTAIN D. BAILEY; JOHN ANDERSON; SALEM CORRECTIONAL CENTER; DIVISION OF CORRECTIONS; STATE OF WEST VIRGINIA,

             Defendants - Appellees.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:23-cv-00207-JPB-JPM)

_____

Submitted:  April 29, 2024                                        Decided:  May 23, 2024

_____

Before GREGORY and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

Jeremy Colton Light, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Light appeals the district court's order accepting the recommendation of the magistrate judge and dismissing his 42 U.S.C. § 1983 complaint after Light failed to file objections to the magistrate judge's report and recommendation. On appeal, Light contends that he did not timely receive the magistrate judge's report and recommendation and therefore did not have the opportunity to file objections. Light also filed a letter in the district court, which the court interpreted as a notice of appeal, stating that he did not receive the report and asking for an appeal and for the court to reopen the case.

The timely filing of objections is necessary to preserve appellate review of a district court's order adopting the recommendation. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *see* 28 U.S.C. § 636 (b)(1). However, the waiver of appellate rights for failure to object is a prudential rule, not a jurisdictional requirement. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). And, when a litigant proceeds pro se, he must be accorded fair notice of the consequences of failing to object before he is barred from appellate review. *Wright*, 766 F.2d at 846-47.

Within 28 days of the district court's dismissal order, Light filed a letter in the district court stating that he did not receive the magistrate judge's report. This assertion is supported by the fact that the report was returned as undeliverable, and by Light's change of address, which he submitted to the court. We remand the case to the district court for it to construe Light's letter as a Fed. R. Civ. P. 59(e) motion for reconsideration. We express no opinion as to the appropriate disposition of the Rule 59(e) motion. We dispense with

2

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REMANDED*